IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BOBBY NEIL MCFALLS                                                                          PLAINTIFF

v.                                                                                         No. 2:05CV82-D-A

WARDEN TOMMY TAYLOR, ET AL.                                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the motion of *pro se* prisoner plaintiff Bobby Neil McFalls for a temporary restraining order or preliminary injunction seeking an order from the court prohibiting the defendants from transferring the plaintiff to another facility. For the reasons set forth below, the instant motion shall be denied.

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is an extraordinary remedy, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only

when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

First, the plaintiff has not shown that he would suffer irreparable harm if he were moved to another facility. Further, he is has not shown a substantial likelihood of success on the merits in light of his argument as framed in the instant motion, as prison housing assignments fall squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff has not shown that his situation is an extreme circumstance. Therefore, the plaintiff's arguments fail, and the instant motion for a temporary restraining order or preliminary injunction shall be denied. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 22nd day of August, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE