IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BOBBY NEIL MCFALLS                                                                    PLAINTIFF

v.                                                                                  No. 2:05CV82-D-A

WARDEN TOMMY TAYLOR, ET AL.                                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the plaintiff's December 30, 2005, motion for a temporary restraining order or preliminary injunction. The plaintiff alleges that various defendants have retaliated against him for filing the instant lawsuit by restricting his phone calls and letters to and from Joan Coker. For the reasons set forth below, the instant motion shall be denied.

**Discussion**

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). A preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d

63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

The plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his argument as framed in the instant motion. First, he has not alleged why he believes the defendants' actions have been taken in retaliation rather than for a legitimate purpose. Further, the plaintiff has not shown how the defendants' alleged actions would cause him irreparable harm without a temporary restraining order. Under these circumstances, the court finds that in order for the plaintiff to bring these claims in federal court, he must exhaust them through the Mississippi Department of Corrections Administrative Remedy Program and then bring a separate suit.

As such, the instant motion for a temporary restraining order or preliminary injunction is hereby **DENIED.** A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 31st day of January, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE