# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**BOBBY NEIL MCFALLS**                                                                   **PLAINTIFF**

v.                                                                                             **No. 2:05CV82-D-A**

**WARDEN TOMMY TAYLOR, ET AL.**                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the March 1, 2006, motion for summary judgment by defendant Dr. John Bearry, the March 7, 2006, motion to dismiss by defendant Christopher Epps, and the March 9, 2006, motion to dismiss by defendants Tommy Taylor and Wanda Collier. The court extended the deadline for the plaintiff to respond to the defendant Bearry's motion for summary judgment to May 1, 2006. The plaintiff submitted a memorandum to the court announcing that he did not intend to respond to the motions. The matter is ripe for review. For the reasons set forth below, instant motions shall be granted in all respects, and the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**[1]

The plaintiff injured his left foot on September 25, 2004 while playing ball at Bolivar County Regional Correctional Facility. He was seen by Registered Nurse Collier on September 27, 2004. Nurse Collier referred the plaintiff to Dr. Santos at Parchman where an x-ray of the foot revealed a fracture of the fifth metatarsal bone, which is the metatarsal that connects to the little toe. A cast was applied to his foot and Ibuprofen was prescribed. Dr. Santos reevaluated the plaintiff's metatarsal fracture on November 15, 2004. The cast was intact and the plaintiff's foot was pink on examination. He was prescribed Ibuprofen and scheduled to return in three weeks for a re-check. On November 19, 2004, the plaintiff was taken to Greenville and evaluated by Dr. Almand, a consulting orthopedic surgeon. Dr. Almond found the fracture was not healing and recommended surgery to include percutaneous pinning with closed reduction. The plaintiff was supposed to return to see Dr. Almond once surgery was approved. The plaintiff was evaluated on December 15, 2004, and the evaluation showed the foot cast was intact and the foot was within normal limits. The plaintiff was advised to keep his foot elevated and that the follow-up with orthopedic physician was pending.

On January 6, 2005 Dr. Almand's office notified Nurse Collier that he was no longer treating inmates. When a consulting physician decides not to treat inmates, Dr. Bearry must locate another consulting physician, and that consulting physician must enter into an agreement for the treatment of inmates. After Dr. Almand decided not to treat inmates, Dr. Bearry began a search for another orthopedic surgeon to examine the plaintiff. The plaintiff saw Dr. Vitter at Parchman on January 11, 2005. His foot exam was normal but the x-ray of the foot revealed no

---

[1]The undisputed facts recited in this opinion have been taken almost verbatim from the motion for summary judgment filed by defendant Dr. Bearry. The plaintiff nas notified the court that he did not wish to continue with this case. As such, these facts are not in dispute.

definite healing at the fracture site. Dr. Vitter left the cast in place and told the plaintiff to remain on crutches. Dr. Vitter recommended an appointment with an orthopedic surgeon.

On January 21, 2005, the plaintiff complained of left foot pain, and Dr. Bearry's examination revealed evidence of poor circulation. Dr. Bearry removed part of the cast to provide more space around the sole of the foot and told the plaintiff to keep using his crutches. Repeat x-ray on February 15, 2005, revealed no appreciable healing of the foot. Another consulting orthopedic physician was contacted and on February 24, 2005, the plaintiff was evaluated by Dr. Gary McCarthy, a consulting orthopedic surgeon, at Central Mississippi Orthopedics. The cast was removed and examination of the foot revealed only trace tenderness over the fracture, with no swelling. Dr. McCarthy recommended leaving the plaintiff's cast off and that the plaintiff begin progressive weight bearing. He also noted, "these stiff metatarsal fractures are notorious for taking a long time to heal and I have never seen one need an open reduction." He advised a return visit in one month. The plaintiff was evaluated on March 1, 2005 and March 11, 2005. No new findings were seen, and he was to continue his present treatment. An X-ray on March 22, 2005 noted early healing with fracture line remaining clearly evident.

On March 24, 2005, the plaintiff followed up with Dr. McCarthy, who recommended surgery in the near future to include an open reduction and internal fixation with bone graft. Surgery was approved to take place May 11, 2005. On May 10, 2005 the plaintiff was transported to Parchman to be housed overnight in preparation for surgery the following day. An x-ray revealed oblique fracture healing deformity associated with the mid to distal aspect of the left fifth metatarsal. Further fusion at the fracture site was seen as compared to March 22, 2005. Dr. McCarthy decided that day not to treat inmate patients, and he thus canceled the plaintiff's

surgery. The plaintiff was returned to Bolivar County Regional Correctional Facility.

Dr. Bearry retained another consulting orthopedic surgeon to examine the plaintiff. On June 22, 2005, the plaintiff was evaluated by Dr. Chris Wiggins at Bienville Orthopedic Specialists. Dr. Wiggins noted, "Frankly, I don't find much wrong with his foot. However, in view of his complaints and metatarsalalgia does not show up, I recommend tennis shoes." Dr. Pat Arnold ordered tennis shoes for McFalls that same day. On September 15, 2005 the plaintiff was evaluated for continued complaints of foot pain. No deformity or swelling was noted on examination. An x-ray was scheduled and shower shoes were ordered. The x-ray on September 19, 2005 revealed healed fracture deformity of the fifth metatarsal.

## Discussion

The plaintiff's claims against all defendants must fail because he has been treated repeatedly for his injuries. He simply does not agree with the method of treatment. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference." *Id.* at 838.  Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk.  *Id.*  Negligent conduct by prison officials does not rise to the level of a constitutional violation.  *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).  A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs.  *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff has visited prison doctors and outside specialists on numerous occasions.  Indeed the plaintiff was approved for the surgery he seeks on more than one occasion, only to have the private surgeons back out at the last minute.  Eventually, the plaintiff's foot healed on its own, as the last specialist to examine the plaintiff found.  The delays in surgery of which the plaintiff complains have not, in the opinion of the last specialist to examine the plaintiff, caused the plaintiff any harm.  The plaintiff's disagreement with that assessment does not state a claim.

As such, the plaintiff's claims fail as a matter of law.  The defendant Bearry's motion for summary judgment, as well as the remaining defendants' motions to dismiss shall be granted, and the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of June, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE